there is no dispute as to the facts bearing upon an issue or point, or as to the proper inferences to be drawn from such facts, for where a matter in issue is established by all the evidence on both sides, the jury cannot be permitted to find to the contrary. The legal effect of evidence is a question of law." (Footnotes and cases cited therein omitted.)

Here, we think that reasonable minds could not differ in the inference to be drawn from the testimony set forth above—that inference being that the work performed by Jopek was directly related to a train or trains already moving or about to move which would soon pass over the switches involved.

The judgment of the district court will be affirmed.

Frank S. Bruno, New Orleans, La., for appellant.

Field V. Gremillion and Downs & Gremillion, Alexandria, La., for appellees.

Before WISDOM and COLEMAN, Circuit Judges, and DAWKINS, District Judge.

**Frank PERKINS, Appellant,**

v.

**COAL OPERATORS CASUALTY COM-PANY et al., Appellees.**

**No. 21799.**

United States Court of Appeals
Fifth Circuit.

Dec. 13, 1965.

PER CURIAM.

This case involved a claim under the Louisiana Workmen's Compensation Statute. Appellant alleged injury to the right hand from a falling log. Five days later, one doctor observed a "crushed right hand" and administered whirlpool treatments for a month. About seven months later the claimant consulted another doctor, who made x-rays. On the original hearing, based on the testimony of these two doctors, the District Court found for the claimant. Thereafter, the second doctor concluded that he had been misled by the x-rays he had made and so informed the Court. The Court then held another hearing for the reception of the doctor's testimony and ordered the Attorney for the Claimant immediately to examine the x-rays if he wished

to impeach the doctor's conclusions. The Attorney took no action. After fifty days, the Court set aside its former judgment and entered judgment for Defendants.

This action failed to take into consideration the testimony of the first doctor who observed the crushed right hand and who treated it for a month. It was accordingly erroneous. We, therefore, vacate the Judgment for Defendants and remand to the District Court for a trial de novo, at which time the entire matter can be heard and decided on the full merits of all aspects of the controversy.

Vacated and remanded for new trial.

**John V. HOLMES et al., Appellants,**

v.

**UNITED STATES of America et al.,**
**Appellees.**

**No. 22052.**

United States Court of Appeals
Fifth Circuit.

Dec. 13, 1965.

Rehearing Denied Feb. 23, 1966.

John V. Holmes, N. C., Durward E. Willis, Atlanta, Ga., for appellant.

Walter P. North, Assoc. Gen. Counsel, Paul J. Kemp, Atty., S. E. C., Washington, D. C., Julius M. Hulsey, Asst. U. S. Atty., Atlanta, Ga., Philip A. Loomis, Jr., Gen. Counsel, Charles L. Goodson, U. S. Atty., for Northern District of Georgia, Atlanta, Ga., Martin D. Newman, Atty., Securities and Exchange Commission, Washington, D. C., for appellee.

Before WISDOM and COLEMAN, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

This suit was filed in the District Court for the Northern District of Georgia. All the essential elements of the controversy had thrice been litigated and decided in Oklahoma, (Securities and Exchange Commission v. Bond and Share Corp., D.C., 229 F.Supp. 88) and North Carolina (Holmes v. Eddy, 4 Cir., 341 F.2d 477). When this was appropriately raised in the Court below there was summary judgment for Defendants by application of the rule of *res adjudicata.*

This determination, 231 F.Supp. 971, was correct.

Commissioner of Internal Revenue v. Sunnen (1948) 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. Baltimore S.S. Co. v. Phillips (1927) 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. Matthews v. Wolvin, 5 Cir., 266 F.2d 722, and Estevez v. Nabers, 5 Cir., 219 F.2d 321.

Affirmed.